**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Aldo Geovani Hernandez Rivera,<br>*Petitioner*,<br>v.<br>Randi Borgen, *et al.*,<br>*Respondents*. | Civil Action No. 26-cv-04234<br>**ORDER**<br>August 21, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner, Aldo Geovani Hernandez Rivera ("Petitioner"), pursuant to 28 U.S.C. § 2241 challenging the legality of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner is a native and citizen of Honduras, who has resided in the United States for many years and has developed substantial family ties, including four U.S.-citizen children, as well as other close relatives residing in the United States (*id.* ¶ 18); and

**WHEREAS**, Petitioner's Customs and Border Protection records reflect an entry history dated September 29, 2014 (*id.* ¶ 21); and

**WHEREAS**, the administrative record reflects that Petitioner was previously granted Temporary Protected Status ("TPS") by United States Citizenship and Immigration Services ("USCIS") effective January 6, 2018 through January 5, 2020, and subsequently re-registered for TPS and employment authorization, with USCIS later receipting renewed filings in 2025 and indicating continued processing, including biometric reuse (*id.* ¶¶ 19–20); and

**WHEREAS**, Petitioner alleges he filed a family-based adjustment of status application on

or about March 13, 2026, which was receipted by USCIS together with related employment authorization filings, and USCIS thereafter scheduled Petitioner for a biometrics appointment at the Elizabeth, New Jersey Application Support Center for April 15, 2026 (*id.* ¶¶ 22–23); and

**WHEREAS**, Petitioner alleges he appeared for the scheduled biometrics appointment on April 15, 2026, at which time he was arrested by United States Immigration and Customs Enforcement ("ICE") pursuant to a warrant for arrest of alien and served with a Notice to Appear initiating removal proceedings under § 240 of the Immigration and Nationality Act (*id.* ¶¶ 24–26); and

**WHEREAS**, the Notice to Appear charges Petitioner as an "arriving alien" and alleges removability under INA § 212(a)(7)(A)(i)(I), notwithstanding his long-term residence and equities in the United States (*id.* ¶ 26); and

**WHEREAS**, Petitioner has no criminal convictions[1] (*id.* ¶¶ 29–30); and

**WHEREAS**, Petitioner subsequently sought bond redetermination before the Immigration Court, which denied jurisdiction to conduct a bond hearing (ECF No. 11, Ex. A); and

**WHEREAS**, Respondents filed a Response to the Petition on April 30, 2026, which contends Petitioner is in ICE detention without bond pursuant to the U.S. Department of Homeland Security's interpretation of "applicants for admission" under 8 U.S.C. § 1225(b)(2), and cites authority which they acknowledge has been rejected by several courts to reach the issue in this

[1] According to the Petition, Petitioner was arrested and charged with Attempted Simple Assault in 2016. The charge was dismissed on August 23, 2017, with no plea entered. Petitioner has not been convicted of any crime. (ECF No. 1 ¶¶ 29–30.) An arrest, without a resulting conviction for a qualifying offense, does not subject a noncitizen to mandatory detention under 8 U.S.C. § 1226(c). *See, e.g.*, *Nielsen v. Preap*, 586 U.S. 392, 395 (2019) (describing § 1226(c) as applying to noncitizens who are removable based on specified criminal offenses).

District[2] (ECF No. 8); and

**WHEREAS**, Respondents acknowledge Petitioner's 2016 arrest and charge for Attempted Simple Assault, which was dismissed (ECF No. 8-1 at 3);

**WHEREAS**, Respondents have not alleged that Petitioner poses a danger to the community or risk of flight (*see* ECF No. 8); and

**WHEREAS**, Petitioner moved to expedite consideration of the habeas petition and submitted a proposed order and the Immigration Judge's bond decision denying jurisdiction (ECF No. 12); Respondents opposed the motion (ECF No. 13), and Petitioner filed a reply (ECF No. 14); thereafter, Petitioner submitted supplemental letters advising the Court of additional developments and providing supporting documentation, including a proposed order, a copy of the removal order, and proof of a filing with the Board of Immigration Appeals (ECF Nos. 15, 16); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), and the Response (ECF No. 8), the Reply (ECF No. 9) and related submissions (ECF Nos. 12-14), and resolves the matter on the controlling statutory framework; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J.

---

[2] *See, e.g.*, *Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons*, No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*, No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.*, No. 25-3328 (3d Cir. Dec. 2, 2025).

2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366. The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised

for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 21st day of August 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that, to the extent Petitioner has named the Warden of Essex County Correctional Facility as a respondent, that party is **DISMISSED** without prejudice as improperly named; and it is further

**ORDERED** that in light of the relief granted, Petioner's Motion to Expedite is **DISMISSED** as **MOOT** (ECF No. 12); and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**